IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WELLS FARGO ADVISORS, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**QUANTUM FINANCIAL PARTNERS LLC, et. al.,**<br><br>    **Defendants.** | Case No. 15-9145-JAR-JPO |

## MEMORANDUM AND ORDER

Plaintiff Wells Fargo Advisors, LLC ("Wells Fargo") filed this suit against Defendants Quantum Financial Partners, LLC ("Quantum") and Joel Jacobs for several claims, including copyright infringement. After a hearing, the Court issued a temporary restraining order, enjoining Defendants from using or displaying Wells Fargo's "Process Wheel." Each Defendant then filed a Motion to Compel Arbitration (Docs. 23 & 27); the Court granted Jacobs's motion and denied Quantum's motion. The Court set the case for a telephonic status conference on September 8, 2015, to hear from the parties on the question of whether the non-arbitrable claims in this case should be stayed pending arbitration of Wells Fargo's claims against Defendant Jacobs.

During the September 8, 2015 conference, Defendants urged that the Court should stay the non-arbitrable claims in this case pending Jacobs's arbitration because the copyright claim against Quantum is derivative of the claim against Jacobs. Wells Fargo argued that the Court should proceed with the copyright claim against Quantum because it alleges direct infringement.

The FAA does not require that a Court stay nonarbitrable claims during the pendency of an arbitration.[1]  The Tenth Circuit has explained that "[s]tay of the entire proceeding is appropriate when resolution of the arbitrable claim will have a preclusive effect on the nonarbitrable claim or when 'the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit.'"[2]  "[T]he mere fact that piecemeal litigation results from the combination of arbitrable and nonarbitrable issues is not reason enough to stay [the] entire case."[3]  The decision whether to stay claims that are not subject to arbitration is committed to the Court's discretion.[4]

The Complaint alleges claims against Quantum for copyright infringement, misappropriation of trade secrets, unfair competition, and tortious interference with contract. The Complaint alleges claims against Jacobs for contributory copyright infringement, breach of contract, conversion, tortious interference with business relations, misappropriation of trade secrets, and unfair competition violation of the Computer Fraud and Abuse Act.  It is undisputed that the non-copyright claims against Quantum are properly stayed, as they directly relate to the non-copyright claims against Jacobs that Wells Fargo concedes are subject to arbitration.  The only claim that Wells Fargo contends should not be stayed is the direct copyright infringement claim against Quantum because it is not based on contributory infringement.  Although it is true that Wells Fargo's copyright claim against Quantum is not derivative, the Court finds that the

---

[1] 9 U.S.C. § 3 (mandating stay on arbitrable claims).

[2] *Chelsea Fam. Pharm., PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1200 (10th Cir. 2009) (quoting *Riley Mfg.Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998)).

[3] *Id.* (quoting *Riley Mfg.*, 157 F.3d at 785).

[4] *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,460 U.S. 1, 21 n.23 (1983) ("In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is left to the district court (or to the state trial court under applicable state procedural rules) as a matter of its discretion to control its docket."); *see also, e.g.*, *ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 971 (7th Cir. 2007).

arbitrable claims predominate in this lawsuit and that judicial economy is best served by staying the entire matter, rather than proceeding on a single claim against one party.  Thus, the Court exercises its discretion to stay the entire proceeding pending Jacobs's arbitration.

**IT IS THEREFORE ORDERED BY THE COURT** that Quantum's motion to stay pending arbitration of Jacobs' claims is granted.  **This case is hereby stayed pending arbitration.  Defendants shall notify the Court when the arbitration is completed, or file a status report if the arbitration is still pending on December 31, 2015**.

**IT IS SO ORDERED**.

Dated: September 11, 2015

                                                  S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE